## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02197-RPM

**NATHAN ACKS;**
**TIFFANY BRAY;**
**CHASE GOLL;**
**ELI HARDY;**
**AMINAH MASUD;**
**IAN MORRISON;**
**BLAKE PENDERGRASS; and**
**KIM SIDWELL**

      Plaintiffs,

v.

**CITY AND COUNTY OF DENVER;**
**DEBORAH DILLEY, a Commander with the Denver Police Department, in her individual capacity;**
**JOHN DOE, whose true name is currently unknown, in his individual capacity;**
**ANTHONY FOSTER, a Sergeant with the Denver Police Department, in his individual capacity; and**
**ANTHONY MARTINEZ, a Sergeant with the Denver Police Department, in his individual capacity;**

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.      In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

   a.      the Parties and/or their representatives' personnel files;

   b.      witness statements; and

   c.      other documents related to Plaintiffs' claims in this action.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

b.      By imprinting the word "Confidential" next to or above any response to a discovery request;

c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony; and

d.      By cover letter designating the document(s) as CONFIDENTIAL and identifying the document(s) by document control number.

4.      All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

5.      Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the

3

original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case.  Any such copies shall be made and used solely for purposes of this litigation.

9.      During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information within 14 days after receipt of the information.  The written notice shall specifically identify the information to which the objection is made.  The Parties shall confer in good faith for no longer than 14 days or until one of the Parties states in writing that a resolution cannot be reached, whichever occurs first. Either party may file a motion for an extension of the conferral time if the moving party believes that additional time may resolve all or part of the dispute. If the Parties cannot resolve the objection during the allotted conferral period, including any

4

extensions, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. Filing such a motion will stay the need to file a motion for protective order until a ruling is issued by the Court. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11.      In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

12.      The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13.      By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the

failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14.     When this litigation has been fully decided, including completion of all possible appellate procedures, such protected material shall be destroyed or preserved by counsel in a manner which is fully consistent with the spirit of the protective order.  At the end of litigation, counsel will not be required to return the material.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure.  Further, the Parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

DATED this *20* day of January, 2010.

BY THE COURT:

Richard P. Matsch, Senior District Judge

APPROVED:

**BENEZRA & CULVER, P.C.**

**s/John A. Culver**
_____
John A. Culver, Esq., #21811
Seth J. Benezra, Esq., #13144
274 Union Blvd., #220
Lakewood, CO 80228-1835
(303) 716-0254
jaculver@bc-law.com
sjbenezra@bc-law.com
In cooperation with the
ACLU Foundation of Colorado

Lonn M. Heymann, Esq., #34793
Rosenthal & Heymann, L.L.C.
1020 W. 7th Ave.
Denver, CO 80204
(303) 825-2223
lonn@rosehey.com
In cooperation with the
ACLU Foundation of Colorado

Mark Silverstein, Esq., #26979
Taylor S. Pendergrass, Esq., #36008
ACLU Foundation of Colorado
400 Corona Street
Denver, CO 80218
(303) 777-5482
msilver2@att.net
*Attorneys for Plaintiffs*

**SENTER, GOLDFARB & RICE L.L.C.**

**s/Gillian M. Fahlsing**
_____
Thomas S. Rice, Esq., #9923
Gillian M. Fahlsing, Esq., #33201
1700 Broadway, #1700
Denver, CO 80290
(303) 320-0509
trice@sgrllc.com
gfahlsing@sgrllc.com
*Attorneys for Defendants*