IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02197-RPM
(Consolidated with 10-cv-00629-RPM)

NATHAN ACKS,
TIFFANY BRAY,
CHASE GOLL,
ELI HARDY,
AMINAH MASUD,
IAN MORRISON,
BLACK PENDERGRASS,
KIM SIDWELL, and
JACOB STERNBERG,

  Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
DEBORAH DILLEY, a Commander with the Denver Police Department, in her individual capacity;
ANTHONY FOSTER, a Sergeant with the Denver Police Department, in his individual capacity; and
WILLIAM LOVINGIER, Undersheriff, in his individual capacity;

  Defendants.

---

ORDER DISMISSING THIRD CLAIM FOR RELIEF AGAINST UNDERSHERIFF WILLIAM LOVINGIER

---

In their Third Claim for Relief, the plaintiffs on behalf of a class consisting of "all individuals arrested the evening of August 25, 2008, on 15th Street between Court and Cleveland Place in downtown Denver who were subsequently detained and refused access to counsel at Denver's Arrest Processing Site in violation of C.R.S. § 16-3-404(1)" seek declaratory and injunctive relief in addition to the statutory damages for which Undersheriff William Lovingier may be liable.

He and the City moved for summary judgment of dismissal, contending that the state statute is not applicable to persons held in custody on charges of violation of a municipal code. The statute is contained within the Colorado Code of Criminal Procedure and C.R.S. § 16-1-102 provides as follows:

> The provisions of this code are intended to create, define, and protect rights, duties, and obligations as distinguished from matters wholly procedural. *Except as specifically set forth in this code, the provisions of this code are not applicable* to proceedings under the "Colorado Children's Code" or *to violations of municipal charters or municipal ordinances.*
>
> *(Emphasis added.)*

C.R.S. 11 16-3-404(1) does not specifically say that it applies in the context of arrests for municipal code violations. Some other sections of Title 16 have such language.. *See, e.g.* § 16-10-109(1) and § 16-5-501.

The plaintiffs note the broad language of C.R.S. § 16-3-403:

> Any person committed, imprisoned, or arrested for any cause, whether or not such person is charged with an offense, shall be allowed to consult with an attorney-at-law of this state whom such person desires to see or consult, alone and in private at the place of custody, as many times and for such period each time as is reasonable.

They argue that these provisions should be read together and it would be inconsistent to exclude municipal ordinances from one and not the other. The difference, however, is in the purposes of these two sections. The broad statement of policy in § 16-3-403 is essentially a restatement of the protection of the right to consult counsel provided by the Sixth Amendment, whereas § 16-3-404 imposes a duty with a statutory penalty in paragraph (2) of a pay forfeiture. The statute is unclear as to when the duty arises. The imposition of an individual duty on all peace officers with a

corresponding penalty for a violation is different from the statement of policy and should be read restrictively under the same rule of lenity that is applicable to other penalties for statutory violations.  Accordingly, applying the plain language of § 16-1-102, the provisions of § 16-3-404(1) and (2) are not applicable to these arrests.  It is therefore

ORDERED, that summary judgment of dismissal of the third claim for relief is granted.  Undersheriff William Lovingier is dismissed as a defendant in this civil action.

Dated: May 9th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge