**Exhibit A**

# SETTLEMENT AGREEMENT AND RELEASE

**1.0**   **Parties and Controversy.**

1.1   The parties to this Settlement Agreement and Release ("this Agreement") are as follows:

A.   (i) Nathan Acks, (ii) Tiffany Bray, (iii) Chase Goll, (iv) Eli Hardy, (v) Aminah Masud, (vi) Ian Morrison, (vii) Blake Pendergrass, and (viii) Kim Sidwell (who are collectively referred to herein as "Plaintiffs"); and

B.   (i) the City and County of Denver ("the City"), (ii) Deborah Dilley, (iii) Anthony Foster, (iv) Anthony Martinez, and (v) William Lovingier (who are collectively referred to herein as "Defendants").

C.   Plaintiffs and Defendants are collectively referred to as the "Parties".

1.2   The case or controversies giving rise to this Agreement are the arrests that occurred at approximately 15th Street and Court Place, in Denver, Colorado on August 25, 2008 (the "Incident"), which is the subject matter of the lawsuit entitled *Nathan Acks, et al. v. City and County of Denver, et al.*, United States District Court for the District of Colorado, Civil Action No.: 09-cv-02197-RPM (the "Lawsuit") and the appeal entitled *Acks, et al. v. Dilley, et al.*, Tenth Circuit Court of Appeals, Case Number 11-1259 (the "Appeal").

**2.0**   **Release.**

2.1   Plaintiffs hereby release, acquit, and forever discharge Defendants, as well as all other related persons and entities, both past and present, including, but not limited to, Defendants' departments, divisions, insurers, principals, attorneys, agents, employees, successors, servants, elected officials, officers, and directors, of and from any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of action, expenses, attorneys fees, costs, interests, compensation, judgments, and any and all consequential and punitive damages of whatsoever kind or nature, either in law or in equity, which might exist with

Page 1 of 12

| (initials) | (initials) |
|------------|------------|
| (initials) | (initials) |
| (initials) | (initials) |
| (initials) | (initials) |

regard to any and all claims in any way related to or arising from the Incident, the Lawsuit, or the Appeal.

2.2    Plaintiffs hereby acknowledge and agree that this Agreement, and the terms thereof, shall be binding on their agents, attorneys, servants, employers, employees, principals, heirs, executors, administrators, insurers, successors, assigns, subrogees, subrogors, lienholders, and any and all other persons or entities which have or may have any claim on behalf of themselves or be entitled to share in any settlement thereof.

2.3    The above release is expressly intended to and does waive, release, acquit, and forever discharge any and all subrogated interests, liens, assignments, or other derivative claims which might exist with regard to the claims released herein. Moreover, Plaintiffs hereby agree to defend, indemnify, and hold harmless Defendants against any claim, known or unknown, which might be asserted against Defendants in regard to any subrogated interest, lien, assignment, or other derivative claim, including but not limited to any claim made by Medicare and/or any other entity, to the extent any such interest, lien, assignment, or other derivative claim exists.

2.4    Plaintiffs acknowledge that the consideration given for this Agreement is being given for the full and final release of any and all unknown losses, claims, injuries, costs, expenses, and damages which either may have occurred in the past and are not yet known, or which may occur in the future and are not presently known. Plaintiffs agree to voluntarily and knowingly assume the risk of any mistake of fact, either mutual or unilateral, with respect to said losses, claims, injuries, costs, expenses and damages, and shall not, under any circumstances, seek to present further claims themselves or on behalf of their agents, attorneys, servants, employers, employees, heirs, executors, administrators, insurers, successors, assigns, subrogees, subrogors, and lienholders as against the persons and entities herein released.

2.5    Plaintiffs acknowledge that all subrogation and lien claims arising out of contract or under state or federal law, including, but not limited to, any subrogation or lien claims of Plaintiffs' health care providers, insurance carriers, state worker's compensation, and any federal agency or programs such as Medicare, Medicaid,

| (initials) | (initials) |
| (initials) | (initials) |
| (initials) | (initials) |
| (initials) | (initials) |

or Social Security, are the sole and separate obligation of Plaintiffs which Plaintiffs agree to pay or otherwise resolve. Plaintiffs further hereby covenant to defend, indemnify and hold harmless the Defendants and/or their insurer from and against any and all such lien and subrogation claims brought against Defendants and/or their insurer.

2.6     It is understood and agreed that the payment set forth in Section 3.0 of this Agreement is in full settlement and compromise of Plaintiffs' disputed claims; that the payment made under this Agreement is not to be construed as an admission of liability on the part of the persons and entities hereby released; and that any and all liability is by said persons and entities hereby expressly denied.

2.7     Upon tender of the payment referenced in Section 3.0 below, and approval of the class settlement referenced in Section 4.0 below, Plaintiffs and Defendants, through their respective attorneys, will stipulate to a dismissal with prejudice of the Lawsuit and the Appeal, which stipulation will expressly provide that each of the parties bears responsibility for their own costs and attorney fees.

2.8     Every provision of this Agreement is intended to be severable, unless otherwise noted. In the event that any term or provision hereof is declared to be illegal or invalid, for any reason whatsoever by a court of competent jurisdiction, such illegality or invalidity shall not affect the balance of the terms and provisions hereof, which terms and provisions shall remain binding and enforceable.

**3.0     Payments.**

In consideration of the releases set forth in Section 2.0 above, the City agrees to make payment to Plaintiffs as follows:

3.1     Redacted

Page 3 of 12

| _____ | _____ |
| (initials) | (initials) |
| _____ | _____ |
| (initials) | (initials) |
| _____ | _____ |
| (initials) | (initials) |
| _____ | _____ |
| (initials) | (initials) |

3.1.1



Redacted

3.1.2

3.1.3

3.1.4

3.1.5

3.1.6

3.1.7

3.1.8

3.1.9   One Thousand, Six Hundred, and Eighty Dollars ($1,680.00), shall be distributed in Twenty Dollar ($20.00) payments to each absent class member by Benezra & Culver, P.C., with the exception of Jacob Sternberg who has settled separately with Defendants.

Page 4 of 12

_____ (initials)    _____ (initials)

_____ (initials)    _____ (initials)

_____ (initials)    _____ (initials)

_____ (initials)    _____ (initials)

3.2         Redacted

## 4.0    Class Settlement

This Agreement is contingent upon approval from the Court of the notice of settlement of the class and the class settlement.  Plaintiffs bear the burden and expense of initially preparing and ultimately filing all documents with the Court, notifying the absent class members of the proposed class settlement, and administering the class settlement. Defendants have attempted to obtain the addresses of the absent class members as identified in *Attachment A* to this Agreement and have provided such information to counsel representing the class.  Defendants will also cooperate with filing stipulated documents with the court as it pertains to requesting court approval of the proposed class settlement.

## 5.0    Additional Terms

5.1     Defendants agree to the policy revisions identified in *Attachment B* to this Agreement.

5.2         Redacted

## 6.0    Tax Liability Clause.

It is understood between the Parties that Plaintiffs have not relied upon any representations, expressed or implied, made by Defendants, or any of their representatives as to the tax consequences of this Agreement and that Plaintiffs release Defendants and their representatives of and from any and all liability in connection with such tax consequences.

Page 5 of 12

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

**7.0    Representation of Comprehension of Document.**

In entering into this Agreement, Plaintiffs represent that the terms of this Agreement have been completely read and explained to Plaintiffs; and that the terms of this Agreement are fully understood and voluntarily accepted by Plaintiffs.

**8.0    Warranty of Capacity to Execute Agreement.**

Plaintiffs represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, and causes of action referred to in this Agreement, except as otherwise set forth herein; the Plaintiffs have the sole right and exclusive authority to execute this Agreement and to receive the sum specified in it; and Plaintiffs have not sold, assigned, transferred, subrogated, liened or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement. Plaintiffs hereby agree to fully indemnify and defend Defendants against any claims which might be asserted by any person or entity asserting any such derivative claim.

**9.0    Governing Law.**

This Agreement shall be construed and interpreted in accordance with the laws of the State of Colorado.

**10.0   Protective Order.**

The Parties acknowledge the existence of the Protective Order entered by the Court in the Lawsuit on January 20, 2010.  The Parties further expressly acknowledge that their duties under said Protective Order survive the termination of the Lawsuit.

**11.0   Additional Documents and Cooperation/Assistance.**

11.1    The Parties to the Agreement agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may become necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

Page 6 of 12

|            |            |
|:----------:|:----------:|
| (initials) | (initials) |
| (initials) | (initials) |
| (initials) | (initials) |
| (initials) | (initials) |

11.2    Plaintiffs and their attorneys agree to comply with all reporting requirements under Medicare, if necessary, including but not limited to, making all necessary communications with representatives of Medicare, Centers for Medicare & Medicaid Services ("CMS"), the Coordination of Benefits Contractor ("COBC"), and/or the Medicare Secondary Payer Recovery Contractor ("MSPRC"), notifying the COBC of the Incident, submitting appropriate Proof of Representation to the MSPRC, and submitting settlement information to the MSPRC.

11.3    Should any person or entity not a party hereto challenge the validity of this Agreement, or any term thereof, pursue recovery of monies from Defendants/Insurer, or bring a claim or claims against Defendants/Insurer arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to any injuries claimed in this action, the Plaintiffs shall provide to Defendants/Insurer such cooperation and assistance as Defendants/Insurer may reasonably request in order to resist such a challenge or defend such a claim.

## 12.0   Entire Agreement and Successors In Interest.

This Agreement contains the entire Agreement between Plaintiffs and Defendants with regard to the matter set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. It is expressly understood that the terms of this Agreement may not be amended, modified, or altered in any way absent a written amendment executed by the Parties.

## 13.0   Effectiveness.

This Agreement shall become effective immediately upon execution by the Parties.

## 14.0   Counterparts/Facsimile Signatures

This Agreement may be executed in two or more counterparts and shall be fully effective when executed by all parties.  This Agreement may also be executed on multiple copies via facsimile and shall be effective as if all signatures were affixed to one copy.

Page 7 of 12

_____   _____
(initials)   (initials)

_____   _____
(initials)   (initials)

_____   _____
(initials)   (initials)

_____   _____
(initials)   (initials)

Nathan Acks

STATE OF COLORADO          )
COUNTY OF __Jefferson__    )

SUBSCRIBED AND SWORN to before me this __21__ day of __July__ , 2011.

My Commission expires: __10-19-2011__

Notary Public

**CONNIE M. PARRISH**
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 10-19-2011

Tiffany Bray

STATE OF COLORADO          )
COUNTY OF _____    )

SUBSCRIBED AND SWORN to before me this _____ day of _____ , 2011

My Commission expires: _____

Notary Public

Page 8 of 12

(initials)          (initials)

(initials)          (initials)

(initials)          (initials)

(initials)          (initials)

_____
Nathan Acks

STATE OF COLORADO          )
COUNTY OF _____ )

    SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011

    My Commission expires: _____ . _____

_____
Notary Public

_____
Tiffany Bray

STATE OF COLORADO          )
COUNTY OF Jefferson        )

    SUBSCRIBED AND SWORN to before me this 22nd day of July, 2011

    My Commission expires: 10 - 19 - 2011

_____
Notary Public

**NOTARY PUBLIC**
**CONNIE M. PARRISH**
**STATE OF COLORADO**
My Commission Expires 10-19-2011

Page 8 of 12

TB
_____        _____
(initials)             (initials)

_____        _____
(initials)             (initials)

_____        _____
(initials)             (initials)

_____        _____
(initials)             (initials)

_____
Chase Goff

STATE OF COLORADO                )
COUNTY OF __Jefferson__          )

 SUBSCRIBED AND SWORN to before me this __21st__ day of __July__, 2011

 My Commission expires: __10-19-2011__

_____
Notary Public

CONNIE M.
PARRISH

My Commission Expires 10-19-2011

_____
Eli Hardy

STATE OF COLORADO                )
COUNTY OF _____        )

 SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

 My Commission expires: _____

_____
Notary Public

Page 9 of 12

__CRG__          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

Jul 20 12 02:47p        CLUB 404                              3035959172                    p.9

_____   _____
Chase Goll

STATE OF COLORADO          )
COUNTY OF _____  )

     SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011

     My Commission expires: _____

_____
Notary Public

_____
Eli Hardy

STATE OF COLORADO          )
COUNTY OF _Jefferson_      )

     SUBSCRIBED AND SWORN to before me this _21st_ day of _July_, 2011.

     My Commission expires: _10-19-2011_

_____
Notary Public

**CONNIE M. PARRISH**
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 10-19-2011

Page 9 of 12

(initials)        (initials)

_____  _____
(initials)        (initials)

_____  _____
(initials)        (initials)

_____  _____
(initials)        (initials)

Received Time Jul.21.  3:33PM

07/21/2011 15:55 FAX   12155832217          F C HAAB CO_                              ☑011/013

_____
Aminah Masud

STATE OF COLORADO          )
COUNTY OF __Jefferson__    )

SUBSCRIBED AND SWORN to before me this __21ˢᵗ__ day of __July__, 2011.

My Commission expires: __10-19-11__

_____
Notary Public

NOTARY PUBLIC
CONNIE M.
PARRISH
STATE OF COLORADO
My Commission Expires 10-19-2011

_____
Ian Morrison

STATE OF COLORADO          )
COUNTY OF _____   )

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

My Commission expires: _____

_____
Notary Public

Page 10 of 12

AM
(initials)          (initials)

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

_____          _____
(initials)          (initials)

Received Time Jul.21.  2:32PM

_____
Aminah Masud

STATE OF COLORADO          )
COUNTY OF _____  )

    SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

    My Commission expires: _____

_____
Notary Public

_____
Ian Morrison

STATE OF COLORADO          )
COUNTY OF _Jefferson_ )

    SUBSCRIBED AND SWORN to before me this _21st_ day of _July_, 2011.

    My Commission expires: _10-19-2011_

_____
Notary Public

NOTARY PUBLIC
CONNIE M.
PARRISH
STATE OF COLORADO
My Commission Expires 10-19-2011

Page 10 of 12

IFM
(initials)          (initials)

(initials)          (initials)

(initials)          (initials)

(initials)          (initials)

_[signature]_ 7/20/11

**Blake Pendergrass**

STATE OF COLORADO          )
COUNTY OF _Jefferson_      )

SUBSCRIBED AND SWORN to before me this 20th day of _July_, 2011.

My Commission expires: _10-19-2011_

_[notary seal: NOTARY PUBLIC — CONNIE M. PARRISH — STATE OF COLORADO — My Commission Expires 10-19-2011]_

_[signature]_
Notary Public

_____
**Kim Sidwell**

STATE OF COLORADO          )
COUNTY OF _____   )

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

My Commission expires: _____

_____
Notary Public

Page 11 of 12

_BP_
(initials)          (initials)

_____      _____
(initials)          (initials)

_____      _____
(initials)          (initials)

_____      _____
(initials)          (initials)

_____
Blake Pendergrass

STATE OF COLORADO        )
COUNTY OF _____  )

    SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

    My Commission expires: _____

_____
Notary Public


_____
Kim Sidwell

STATE OF COLORADO        )
COUNTY OF Jefferson      )

    SUBSCRIBED AND SWORN to before me this 21st day of July, 2011.

    My Commission expires: 10-19-2011

_____
Notary Public

**NOTARY PUBLIC**
**CONNIE M. PARRISH**
**STATE OF COLORADO**
My Commission Expires 10-19-2011

Page 11 of 12

VS
_____
(initials)

_____
(initials)

_____
(initials)

_____
(initials)

_____
(initials)

_____
(initials)

_____
(initials)

_____
(initials)

_____
Authorized Representative of Defendants

STATE OF COLORADO          )
COUNTY OF _____  )

    SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011.

My Commission expires: _____

_____
Notary Public

APPROVED.

_____
John A. Culver, Esq.
Attorney for Plaintiffs

_____
Thomas S. Rice, Esq.
Attorney for Defendants

Page 12 of 12

| _____ (initials) | _____ (initials) |
| _____ (initials) | _____ (initials) |
| _____ (initials) | _____ (initials) |
| _____ (initials) | _____ (initials) |

00531038.DOC

_____
Authorized Representative of Defendants

STATE OF COLORADO          )
COUNTY OF Denver           )

SUBSCRIBED AND SWORN to before me this 21st day of July , 2011.

My Commission expires: 6/9/2012

_____
Notary Public

APPROVED.

_____
John A. Culver, Esq.
Attorney for Plaintiffs


_____
Thomas S. Rice, Esq.
Attorney for Defendants


Page 12 of 12

_____        _____
(initials)             (initials)

_____        _____
(initials)             (initials)

_____        _____
(initials)             (initials)

_____        _____
(initials)             (initials)

00531038.DOC

## LIST OF 8/25/08 DNC ARRESTEES AT 15TH STREET AND COURT PLACE

*Nathan Acks, et al. v. City and County of Denver, et al.*
United States District Court for the District of Colorado
Civil Action No.: 09-cv-02197-RPM

| | | |
|---|---|---|
| 1 | STERNBERG | JACOB |
| 2 | SHINDEL | JULIA |
| 3 | RAZAVI-SHEARER | DEVIN |
| 4 | SANCHEZ | JOSEPH R. |
| 5 | WITWER | VINCENT J. |
| 6 | JONES | RUSSELL C. |
| 7 | MEYER | JEFFREY |
| 8 | GOLL | CHASE R. |
| 9 | SMITH | BRYSON |
| 10 | ROSS | FORREST L. |
| 11 | PENDERGRASS | BLAKE J. |
| 12 | CHISHOLM | SEAN |
| 13 | EVANS | STEPHANIE |
| 14 | MARTINEZ | GARRIN R. |
| 15 | LAFFERTY | IAN T. |
| 16 | LABOW | JEFFERY G. |
| 17 | LOEFFLER | MICHAEL |
| 18 | WHITTAKER | JUSTINE R. |
| 19 | LOYD | EDWARD A. |
| 20 | PETTY | MELISSA |
| 21 | RUMERY | KARLA R. |
| 22 | BRAY | TIFFANY L. |
| 23 | FAROOQUE | JENNAT H. |
| 24 | MASUD | AMINAH I. |
| 25 | ACKS | NATHAN |
| 26 | CAITLIN | STEPHANIE |
| 27 | CUDDERFORD | WALTER R. |
| 28 | ELLIS | RICHARD H. |
| 29 | HANSEN | JANELLE R. |
| 30 | JELINEK | MICHAEL |
| 31 | GOLDSZER | ILANA S. |
| 32 | SIDWELL | KIMBERLY |
| 33 | HAYES | LEON E. |
| 34 | CASEY | NATHAN R. |
| 35 | LAUTH | ASHLEY B. |
| 36 | HARDY | ELISHA N. |
| 37 | SHEPHERD | DERICK R. |
| 38 | EGEDY | TRAVIS |
| 39 | NUNEZ | ERIC C. |
| 40 | MORK | MARIANNE |
| 41 | BERRYHILL | JEFFERY A. |

Page 1 of 3

## Attachment A

## LIST OF 8/25/08 DNC ARRESTEES AT 15TH STREET AND COURT PLACE

*Nathan Acks, et al. v. City and County of Denver, et al.*
United States District Court for the District of Colorado
Civil Action No.: 09-cv-02197-RPM

| 42 | KHANNA | SHYAM |
|----|--------|-------|
| 43 | LASSITER | LILIA |
| 44 | HOLMES | COLAN |
| 45 | KOHLER | LELENA |
| 46 | LEVY | TAYLOR R. |
| 47 | SALAZAR | MARULA-MARUCA |
| 48 | HAKALA | RICHARD W. |
| 49 | BURG | SARAH |
| 50 | GREEN | JACOB L. |
| 51 | MEDANICH | ELIZABETH |
| 52 | COMBEST | JULIE |
| 53 | KILLIAN | TAYLOR |
| 54 | COOPER | JESSE |
| 55 | CARLIN | JEFFREY |
| 56 | CARR | STEPHANIE |
| 57 | COMPOS | SANDRA |
| 58 | CONTRERAS | FRUMENINCO |
| 59 | DAVIS | NICOLE |
| 60 | DUNIGAN | SCOTT |
| 61 | ELROD | TIMOTHY |
| 62 | FADNESS | DANIEL |
| 63 | FINSTEIN | ROBERT |
| 64 | GITTO | HADLEY |
| 65 | HALL | ANTHONY |
| 66 | JONES | PHILLIP |
| 67 | JONES | JOSEPH |
| 68 | KRIEZE | ERIC |
| 69 | LEWIS | SCOTT |
| 70 | LIFKA | CATHERINE |
| 71 | MCCARRIER | PAUL |
| 72 | MCKEE | MAXWELL |
| 73 | MOSHER | AIMEE |
| 74 | ROBINSON Q | NICHOLAS |
| 75 | SACKLEY | MARY |
| 76 | SILVA | GEORGE |
| 77 | STARDQUIST | MARK |
| 78 | THOMAS | JAYSON |
| 79 | TRUMBLE | LUKE |
| 80 | VINOCUR | DORIANN |
| 81 | WALKER | CHAD |
| 82 | WILLIAMS | SAMUEL |

## Attachment A

## LIST OF 8/25/08 DNC ARRESTEES AT 15TH STREET AND COURT PLACE

*Nathan Acks, et al. v. City and County of Denver, et al.*
United States District Court for the District of Colorado
Civil Action No.: 09-cv-02197-RPM

| 83 | ERICE | JENNY |
|----|-------|-------|
| 84 | GORMAN | SEAN |
| 85 | LAWSON | MICHAEL |
| 86 | VANGORDER | WILLIAM J. |
| 87 | EBEL | CLAUDIA J. |
| 88 | MAHONEY | JOHN L. |
| 89 | TUTTLE | JOSEPH M. |
| 90 | HARRIS | KRISTEN A. |
| 91 | MASKRID | ANTHONY |
| 92 | WOERNER | RICHARD J. |
| 93 | SCOTT | NICOLE |

Page 3 of 3

## Attachment A

00531040

## POLICY REVISIONS (June 2011)

*Nathan Acks, et al. v. City and County of Denver, et al.*
United States District Court for the District of Colorado
Civil Action No.: 09-cv-02197-RPM

Redacted

Page 1 of 2

## Attachment B

## POLICY REVISIONS (June 2011)

*Nathan Acks, et al. v. City and County of Denver, et al.*
United States District Court for the District of Colorado
Civil Action No.: 09-cv-02197-RPM

Redacted

- Temporary Facility
  - If a temporary processing facility is to be used by DSD, that facility and its physical capabilities and available DSD resources and personnel will be analyzed to determine if attorney visits are feasible at the facility.

Page 2 of 2

## Attachment B