IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02197-RPM
(Consolidated with 10-cv-00629-RPM)

NATHAN ACKS;
TIFFANY BRAY;
CHASE GOLL;
ELI HARDY;
AMINAH MASUD;
IAN MORRISON;
BLAKE PENDERGRASS;
KIM SIDWELL; and
JACOB STERNBERG

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER;
DEBORAH DILLEY, a Commander with the Denver Police Department, in her individual capacity;
ANTHONY FOSTER, a Sergeant with the Denver Police Department, in his individual capacity; and
WILLIAM LOVINGIER, Undersheriff with the Denver Police Department, in his individual capacity;

    Defendants.
_____

ORDER GRANTING STIPULATED MOTION FOR
APPROVAL OF CLASS ACTION SETTLEMENT
_____

This matter is before the Court on the Parties' Stipulated Motion for Approval of Class Action Settlement (Doc. #103) of Plaintiffs' Third Claim for Relief as set forth in Plaintiffs' First Amended Complaint (Doc. #47).

Plaintiffs' Third Claim for Relief alleges that 93 individuals who were arrested solely for municipal code violations on August 25, 2008, during the Democratic National Convention ("DNC"), were denied access to counsel while they were held at an arrest

processing site, in violation of C.R.S. § 16-3-404.  Upon the Motion of the 8 named class representatives -- Plaintiffs Nathan Acks, Tiffany Bray, Chase Goll, Eli Hardy, Aminah Masud, Ian Morrison, Blake Pendergrass, and Kim Sidwell -- Plaintiffs' Third Claim for Relief was subsequently certified to proceed as a class action on behalf of 84 unnamed individuals, as well as Plaintiff Jacob Sternberg, whose individual action was consolidated with the action brought by Acks, et al.[1]  On May 9, 2011, this Court issued its Order granting summary judgment for Defendants and dismissing Plaintiffs' Third Claim for Relief against Undersheriff Lovingier.

On June 16, 2011, the Parties reached a settlement in principle on all of Plaintiffs' claims, including a settlement of the class' dismissed third claim for relief. With respect to the settlement of their class action claim, Plaintiffs agreed not to appeal this Court's Order Dismissing [Plaintiffs'] Third Claim for Relief.  As consideration for that agreement, Defendants agreed to both monetary and non-monetary relief. Specifically, for monetary relief, each of the 84 absent class members will receive $20. Additionally, as non-monetary relief, Defendants have agreed that: "If a temporary processing facility is to be used by DSD, that facility and its physical capabilities and available DSD resources and personnel will be analyzed to determine if attorney visits are feasible at the facility."

On July 25, 2011, the Parties filed their Stipulated Motion for Approval of Class Action Settlement.  At the same time, the Parties filed a Notice of Proposed Settlement of Class Action and Hearing to be distributed to the unnamed class members, which was approved by the Court on July 27, 2011.  As certified by Plaintiffs' Counsel, that written notice was mailed to all unnamed Plaintiffs for whom addresses had been

---

[1] Mr. Sternberg voluntarily dismissed his Complaint against Defendants on July 29, 2011.

2

obtained. Additionally, notice was provided to the class through a posting of the Notice of Proposed Settlement on the website of the American Civil Liberties Union Foundation of Colorado ("ACLU"). After issuing such notice, no objections to the proposed settlement were received by Plaintiffs, Defendants, or this Court.

On October 12, 2011, this Court conducted a fairness hearing pursuant to Fed.R.Civ.P. 23(e) regarding the Parties' Stipulated Motion for Approval of Class Action Settlement. Fed.R.Civ.P. 23(e) provides that "the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the Court's approval." "[T]he Court may approve [a class action settlement] only after a hearing and on finding that it is fair, reasonable, and adequate." (Rule 23(e)(2).) In determining the fairness of a class settlement, the Tenth Circuit directs District Courts to consider the following four factors:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

(Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002).)

For the reasons described in the Parties' Stipulated Motion for Approval of Class Action Settlement, and those articulated by the Parties and this Court at the October 12, 2011, hearing, the Court finds that the proposed settlement is fair, reasonable, and adequate and should be approved. In particular, factors 2 and 4 support a finding that the proposed settlement was fair, reasonable, and adequate. With respect to the

second factor, the Court finds that there are serious questions of law and fact, which place the ultimate outcome of this litigation in doubt as it pertains to Plaintiffs' Third Claim for Relief. After all, this Court dismissed Plaintiffs' Third Claim for Relief and Plaintiffs' Counsel acknowledged that they were not likely to obtain the reversal of that Order on appeal. Additionally, the fourth factor, that in the judgment of the Parties the settlement is fair and reasonable, also favors approval of this settlement. In this case, all of the Parties and their counsel agreed that the settlement was fair and reasonable. Additionally, no objections were received from the unnamed class members to the approval of this settlement.

During the hearing, the Parties and the Court agreed to a procedure for distributing the class action settlement proceeds to the unnamed Plaintiffs. Specifically, Plaintiffs' Counsel agreed to send a check for $20 to each individual for whom an address has been obtained. With respect to individuals for whom a current address has not been discovered, notice of this Court's approval of the settlement and the unnamed class members entitled to a $20 distribution will be placed on the ACLU website for one year from the date of this Order. After one year from the date of this Order has expired, any unclaimed proceeds of the class settlement will be distributed equally among the class representatives.

Consequently, this Court ORDERS as follows:

1. This Court GRANTS the Parties' Stipulated Motion for Approval of Class Action Settlement; and

2. Plaintiffs' Counsel is ordered to distribute the proceeds of the class settlement to the unnamed class members as described herein.

Dated this 13th day of October, 2011.

                                  **BY THE COURT:**

                                  **s/Richard P. Matsch**

                                  _____
                                  The Honorable Richard P. Matsch